UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EARNEST PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00559-WTL-DLP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING MOTION TO DISMISS AND
DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on the United States' motion to dismiss Plaintiff Earnest Parker's amended complaint for failure to state a claim upon which relief may be granted. For the reasons set forth below, the motion is denied.

**I. Standard of Review**

The United States moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the amended complaint fails to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they

"raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

Critical to the Court's review of the instant motion, "the pleading standards for pro se plaintiffs are considerably relaxed." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). This means that complaints drafted by pro se litigants are construed liberally and held to a less stringent standard than those drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

## II. Factual and Procedural Background

The following factual allegations are not necessarily true, but the Court accepts them as true and draws all permissible inferences in Mr. Parker's favor as the non-movant as required in reviewing a motion to dismiss. *See Agnew*, 683 F.3d at 334.

Mr. Parker is an inmate at the Federal Correctional Institution in Milan, Michigan. Previously, Mr. Parker was confined at the Federal Correctional Institution in Terre Haute, Indiana (FCI-Terre Haute). Both institutions are operated by the United States Bureau of Prisons (BOP).

The amended complaint alleges that the BOP maintained records about Mr. Parker in a Central File. Mr. Parker determined that certain records in his Central File would assist him in challenging his conviction, so he requested copies of them from the BOP. When he did so, the BOP reported that those records had been destroyed.

The amended complaint alleges that the BOP negligently destroyed the records and seeks relief through the Federal Tort Claims Act, which requires an aggrieved party to pursue an administrative claim with the offending agency before filing suit in federal court. *See* 28 U.S.C. §§ 2672, 2675. Mr. Parker filed this action in the U.S. District Court for the Eastern District of Michigan, which found that he failed to exhaust his administrative remedies for all claims except

2

those alleging negligence by BOP personnel at FCI-Terre Haute. Accordingly, the U.S. District Court for the Eastern District of Michigan dismissed all claims except those based on the allegation that Mr. Parker's records were negligently destroyed by BOP personnel at FCI-Terre Haute and transferred those claims for adjudication by this Court.

### III. The FTCA and Indiana Tort Law

The FTCA is a limited waiver of the United States' sovereign immunity and provides a remedy for losses of property caused by the negligent acts of federal government employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). The FTCA allows the United States to be liable for negligent acts to the same extent a private individual would be liable under the law of the state in which the negligent act occurred. 28 U.S.C. § 2674.

To achieve relief on a negligence claim under Indiana law,

> a plaintiff must establish the following: (1) defendant's duty to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to that standard of care, and (3) an injury to the plaintiff proximately caused by the breach.

*Estate of Mintz v. Connecticut Gen. Life Ins.*, 905 N.E.2d 994, 998–99 (Ind. 2009) (internal quotation and citation omitted). The defendant's duty may arise from a statute. *Franklin v. Benock*, 722 N.E.2d 874, 878 (Ind. Ct. App. 2000). Similarly, an administrative regulation may be considered as evidence of a duty. *See Beta Steel v. Rust*, 830 N.E.2d 62, 73–74 (Ind. Ct. App. 2005) ("Violation of an administrative regulation generally can be considered evidence of negligence for a jury to consider, though it is not negligence per se.")

### IV. Analysis

The United States asserts two bases for dismissal. First, the United States argues that records in Mr. Parker's Central File were not his property and that he therefore has no right to recover damages for their destruction. Second, the United States argues that, even if the records

3

were Mr. Parker's property, their destruction falls into the FTCA's detention exception and therefore is not subject to suit under the FTCA. For the reasons discussed below, the United States has not supported either argument to the extent necessary to justify dismissal at this stage.

## A. The Privacy Act and BOP Policies and Regulations

The United States first argues that Mr. Parker has no right to recover damages for the destruction of records from his Central File because those records were not his property. In support of this argument, the United States calls the Court's attention to BOP program statements and regulations concerning the contents and maintenance of inmates' Central Files. The United States asserts that the BOP has authority to determine what records will populate an inmate's Central File and how long those records will be retained. *See* Dkt. No. 27 at 3 (citing BOP Program Statement 5800.17, *Inmate Central File, Privacy Folder, and Parole Mini-Files* (Apr. 3, 2015) (available at https://www.bop.gov/policy/progstat/5800_017.pdf)). Additionally, the United States observes that these regulations and policies do not grant inmates unlimited access to their Central File records. *See* 28 C.F.R. § 513.40 (providing that some Central File information may be withheld from inmates).

But these authorities do not establish as a matter of law that Central File records are never an inmate's property or that an inmate never has an actionable interest in such records. At best, these authorities suggest that an inmate's rights concerning Central File records are limited—not that they are nonexistent. Indeed, the authorities cited by the United States indicate that BOP policies and regulations provide inmates with *some* access to Central File records. *See* 28 C.F.R. § 513.40; BOP Program Statement 5800.17, § 11. Those authorities further indicate that BOP policies and regulations set *some* standards for the maintenance and retention of Central File records. *See, e.g.*, *Inmate Central Records System*, 41 Fed. Reg. 39918 (Sept. 16, 1976) ("Records

4

in this system are retained for a period of ten (10) years after expiration of sentence, then destroyed by electronic means or shredding."), *cited in* BOP Program Statement 5800.17, § 6(a). The United States has not established as a matter of law that, for example, destroying an otherwise accessible Central File record in breach of those standards would not be the basis for a plausible FTCA claim.

The United States also cites a series of cases holding that the Privacy Act, 5 U.S.C. § 552a, provides no remedy to inmates who have been denied access to Central File records or whose Central File records have been destroyed. *See* Dkt. No. 27 at 3–4. But these decisions do not render Mr. Parker's claims for relief implausible. Mr. Parker seeks relief through the FTCA—not the Privacy Act. A court's reasoned decision that the BOP's negligent destruction of Central File records is not actionable under the Privacy Act does not preclude the conclusion that the same conduct is actionable under the FTCA.

The Court cannot determine from the pleadings alone that the Central File records allegedly destroyed by the BOP were not Mr. Parker's property, and the legal authorities the United States has presented do not compel that conclusion. To justify dismissal at this early stage, the United States would need to establish as a matter of law that either (a) an inmate has no interest in a Central File record that is ever actionable under the FTCA, or (b) there is no standard of care governing the BOP's maintenance of Central File records that, if breached, would ever support a negligence claim through the FTCA. The authorities presented by the United States do not establish either proposition.

**B.     The Detention Exception**

The United States next argues that Mr. Parker's suit is barred by 28 U.S.C. § 2680(c), which retains the United States' sovereign immunity as to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or

5

any other law enforcement officer." In at least two respects, however, the Court presently lacks sufficient information to determine that the FTCA's detention exception applies to Mr. Parker's claims.

First, it is not clear at this stage that the Central File records at issue in this case were "detained" within the parlance of § 2680(c). The United States cites a number of cases for the proposition that "FTCA actions involving the alleged mishandling [of] personal property in whatever form—transferring, losing, destroying, confiscating—by prison officials are subject to dismissal." Dkt. No. 27 at 5–6. But the cases presented by the United States arise from claims that prison staff *confiscated* an inmate's personal effects as part of a shakedown, as an act of retaliation against the inmate, or in connection with the inmate's movement from one facility (or one segment of a facility) to another. The defendants have not presented any legal authority characterizing a federal agency's maintenance of records as "detention" of property.

Second, even if the records were detained, it is not clear at this stage that they were detained by a *law enforcement officer*. Mr. Parker's administrative claim, Dkt. No. 15-4, and his amended complaint, Dkt. No. 12, allege only that his Central File records were destroyed by BOP *employees*. As the United States has noted, the Supreme Court has held that *BOP officers* are law enforcement officers for purposes of § 2680(c). *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 218 (2008) ("This case turns on whether the *BOP officers* who allegedly lost petitioner's property qualify as 'other law enforcement officer[s]' within the meaning of § 2680(c).") (emphasis added). But the United States has not provided any legal authority to support the proposition that all BOP employees are law enforcement officers for purposes of § 2680(c). Accordingly, the Court cannot conclude at this stage that Mr. Parker's claims are barred by the detention exception.

## VI. Conclusion and Further Proceedings

For the reasons explained above, the United States' motion to dismiss, Dkt. No. 26, is **denied**. Consistent with Federal Rule of Civil Procedure 12(a)(4)(A), the defendants shall have **through June 18, 2018**, to answer the amended complaint.

**IT IS SO ORDERED.**

Date: 6/4/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

EARNEST PARKER
02816-089
MILAN
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

Laura A. Sagolla
U.S. Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov